**Vazgen BARSEGHYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72184.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Artem M. Sarian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Gwendolyn D. Hodge, Esquire, United States Attorney's Office, Little Rock, AR, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Vazgen Barseghyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Barseghyan failed to establish that the problems he suffered in Armenia rose to the level of persecution or occurred on account of a protected ground. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003); *see also Kozulin v. INS*, 218 F.3d 1112, 1115–17 (9th Cir.2000). Substantial evidence further supports the IJ's conclusion that Barseghyan did not establish the threats he received following the plane mishap with important officials aboard were on account of a protected ground. *See Kozulin*, 218 F.3d at 1115–17.

Because Barseghyan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent requirements for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the IJ's denial of CAT relief because Barseghyan has not demonstrated that it is more likely than not he will be tortured if he returns to Armenia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

Barseghyan's motion to accept his late-filed reply brief is denied as unnecessary because the brief was not late.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.